Friday, March 4, The Judges delivered their opinions.
Judge Tucker.
The only question in this cause is, whether a deposition regularly taken de bene esse ought to have been permitted to be read in evidence upon the trial, without shewing from what cause the witness, who had been duly summoned, and the subpoena returned, was prevented from personally attending ?
The course of proceedings at the common law being only by viva voce testimony, depositions are only admissible where the witness who made them is dead, or cannot be procured; for till then they are not the best evidence the nature of the thing is capable of. Therefore, in order to make depositions evidence at law, it is necessary to shew that the witness *34 was dead of could not be procured. And this rule has been observed with such strictness in England that the depositions of a witness, taken fifty years before, being offered in evidence, but without any evidence that he was dead, (the party relying on the presumption from the length of time, which would • entitle a deed of that length to be read,) have been refused to be admitted; because it was not shewn that proper search and inquiry after the witness had been made.(a) But, where a witness has been sought for, and cannot be found, there his deposition may be read; for he is in the same circumstances as to the party who is to use him, as if he was dead.(b) So where it is proved that a witness was subpcenaed, and fell sick by the way, his deposition is evidence: for then it is the best evidence that can be had.(c)
But, although the courts of law in England did in such cases admit the depositions in writing of witnesses who were dead, aged, infirm, or going beyond seas, yet they had no power to examine such witnesses de bene esse, to be read in evidence if the trial should be deferred till after their death or departure; though this was sometimes done by consent of the parties : but recourse was indirectly had to the Court of Chancery, for that purpose, by a bill for perpetuating the testimony of witnesses, upon a principle similar to a bill quia thnet.(d) But, to avoid the expense and inconvenience of this course of proceeding, our law authorises the issuing of commissions to take the depositions of witnesses de bene esse, in certain cases; but without altering the principle upon which alone the depositions so taken can be read in evidence, viz. that the witness is unable to attend at the trial. And this inability must, I conceive, be shewn to the Court before his deposition can be read.(e) The term de bene esse is well understood in courts of equity; and, when applied to depositions, means such as can only be Used provisionally. The legislature has used it in this sense in the law; and the reason, that the inability of a single witness, in perfect health, and not about to depart the *35 country, nor under disability to attend at the trial of a suit, should be made to appear to the Court, is certainly much stronger than that the inability of an aged or infirm witness should be so manifested. Yet the law expressly requires it jn the latter case: and it is equally necessary in the former, the deposition being permitted to be taken only de bene esse in both cases. I am therefore of opinion, that the judgment ought to be reversed, and a new trial had, with directions to the Court not to permit the deposition to be read, unless it be proved to the satisfaction of the Court, that the witness is. dead, or, if living, unable to attend, or that search and inquiry have been made after her, and she cannot be found.
Judge Roane.
The clause of the act of 1792, respecting the depositions of aged, infirm, or absent witnesses, has a provision that such depositions shall be read on the trial, “ in case the witness should be unable to attend.” The clause relating to those of a single witness in a cause, or to a material question thereof, omits this provision. It is not easy to assign a reason why this provision was not expressly extended to that case also; unless it be that the deposition of the witness, in that case, is to be taken merely for the purpose of perpetuating his testimony, and that, nevertheless, he must be “ produced at the trial.” This the courts of equity in England had already done of their own authority; for in the case of Shirley v. Ferrers,(a) the Court of Chancery (upon argument) granted liberty to take the deposition de bene esse of a single witness to a material fact, though he was not stated to be old, infirm, or about to depart the country, to be used in an issue then depending; and defined the effect of such deposition, by declaring, " that if the witness were then living, the plaintiff should produce him at the trial.” In our old acts (see the edition of 1768) this provision for taking the deposition of a single witness is not to be found; and, on principle, a good ¡reason exists for requiring the actual pre *36 sence of a single witness to a cause before the jury, who often judge hy the manner of. giving testimony; whereas this might, with less inconvenience, be dispensed with, in relation to one, out of (perhaps) a host of witnesses.
If, therefore, this were res integra, I should desire further to consider whether the provision, respecting the reading the deposition of an aged, infirm, or absent witness, applied also to this case: but I believe that the practice and general understanding of the country has decided the question in the affirmative, and I am not now disposed to disturb it. But, on the other hand, the most that can be asked in favour of the deposition of a single witness, is, that it should stand or fall by that provision: it is, certainly, not a stronger case for relaxing from the rule than those of the other description; being only a de bene esse deposition, if the witness is not shewn to be dead, there is no other standard under which it can set up its claim to be Received in evidence.
It is not shewn In this cage whether the deposition in question is of the one or the other class: but, of whichever class it may be, it is necessary to be shewn at the trial that the witness was unable to attend* It is readily admitted that this construction will often impose difficulties upon parties: but these difficulties are not impossibilities. The party, in case of non-attendance, may have his cause continued, or have recourse against the witness for damages. On the other hand, however, it is of great importance that the benefits of jury-trial should not be impaired (as they would be, most emphatically, in the cas'e of a witness on whose single testimony the fate of the cause depended) by withdrawing the witness from the personal observation of the jury.
I am, on these grounds, of opinion, that the decision of the District Court was erroneous, and that a new trial ought to be granted.
Judge Fleming.
There are four cases, at law, in which the depositions of witnesses may be taken de bene esse, *37 under our act of assembly: 1. When any witness is about to depart the country; 2. When a witness, by age, sickness, or otherwise, shall he unable to attend the Court;— “ . . . upon affidavit, ike. 3. Upon affidavit that a witness resides beyond sea or in a foreign country; and, 4. When a claim or defence depends upon a single witness. Such deposition may be read in evidence at the trial, in case the witness should be unable to attend.
It follows, then, of course, I conceive, that, if the witness be able to attend, such deposition shall not be read on the trial. The Court will require some satisfactory proof on the subject: and the question is, on whom ought the onuspror bandi to lie ? On the party who is to derive a benefit from the evidence, (and who knows, or ought to know, that he cannot avail himself of the deposition, unless he satisfies the Court of the inability of the witness to attend,) or on the adverse party, who may b© injured by the testimony; on whom it would be highly unreasonable to lay the bur-then of proving the ability of his adversary’s witness to attend in person j one, perhaps, that he may never have known, or heard of, till the taking of the deposition ?
It has been argued, however, that the return of a subpoena, executed by a sworn officer, is sufficient evidence of the inability of a witness to attend; but the argument seems rather specious than solid; for long experience hath taught us that witnesses, especially those at a distance, do frequently fail to attend, when summoned, on very frivolous pretences. I therefore concur in opinion, that the judgment of the District Court ought to be reversed, and a new trial awarded; with an instruction, that, on the trial, the deposition of the witness is not to be read, but upon satisfactory proof of her inability to attend.
The judgment of the Court was entered as follows:
“ That there is error in the said judgment in this; that “ the District Court permitted the deposition of Mary *38 <c Magdaline Wolf, alias Mary, Magdaline Ellmorc, in tíié “ bill of exceptions mentioned, to be read as evidence to the “ jury, without proof of her inability to attend the trial “ personally.” Judgment reversed, and new trial awarded, upon which trial the District Court is “ not to permit “ the deposition aforesaid to go as evidence to the jury, “ unless satisfactory proof be made of the deponent’s ina4‘ bility to attend the trial in person.”

 1 Atk. A 455. 2 Str. 920. 2 Esp. Nisi Pr. 755.

 Bullet's Nisi Pr. 239.

 Ibid.

3 Bl. Com. 583. Mitford’s Pleadings in Chancery, 50, 51. 130. 1 Fonb. 41 n.

 L.V. 1794. c. 141. s. 12. 14. Rev. Code, 1 vol. p. 279.

 3 P. Wms. 177